# Supreme Court of the Navajo Nation

---

### In re Navajo Board of Election Supervisors
### Decided November 9, 1990

---

## OPINION

Before BLUEHOUSE, Acting Chief Justice, AUSTIN and CADMAN (sitting by designation), Associate Justices.

Paul Barber, Esq., Albuquerque, New Mexico, for the Navajo Board of Election Supervisors; and John A. Chapela, Esq., Window Rock, Navajo Nation (Arizona), for Amicus Curiae.

Opinion delivered by BLUEHOUSE, Acting Chief Justice.

This case came before this Court as both an appeal and as a petition presenting questions certified by the Navajo Board of Election Supervisors. We dismiss the appeal and the petition for lack of jurisdiction.

## I. Facts

On November 2, 1990, the Navajo Board of Election Supervisors (Board) passed Resolution NBOES-032-90. In the resolution, the Board certified six questions to this Court. These six questions concerned the upcoming 1990 Navajo Nation General Election and the validity of a resolution (CO-80-90) passed by the Navajo Nation Council postponing the general election to December 18, 1990.

After passing Resolution NBOES-032-90, the Board appealed the decision it made in that resolution to this Court. Incorporated into the appeal is a request to have this Court accept, "consider and resolve the questions certified to the Supreme Court." The Board alleges in its petition that this Court has jurisdiction to hear the appeal pursuant to 7 N.T.C. § 302 (1985) and 11 N.T.C. § 321 (1990). The petition further alleges that this Court has jurisdiction to accept the certified questions pursuant to 7 N.T.C. § 303 (1985) .

## II. Appellate Jurisdiction

This Court has jurisdiction over properly filed appeals of final judgments and orders of the district courts and "such other final administrative orders as provided by law." 7 N.T.C. § 302 (1985). Section 302 by itself does not vest this Court with jurisdiction over appeals of final decisions made by the administrative agencies. Instead, section 302 requires that a law from among the laws governing an administrative agency must provide for an appeal to this Court. *Navajo*

*Nation Division of Resources v. Spencer*, 5 Nav. R. 109 (1986).

The Board identified a statute in the Election Code which provides for an appeal to this Court of a final decision made by the Navajo Board of Election Supervisors. That statute is 11 N.T.C. § 321B.4 (1990), which provides as follows:

> A party who wishes to appeal from a decision of the Board must file a Notice of Appeal with the Supreme Court of the Navajo Nation within ten days after the decision is made. Review by the Supreme Court shall be limited to whether or not the decision of the Board is sustained by sufficient evidence on the record.

The Board argues that it can appeal its own decision to this Court using the statute cited above. We disagree with the Board for the following reasons. First, section 321B gives the Board authority to resolve disputes pertaining to elections brought upon the complaint of a party. There is no allegation here that the Board made a "decision" upon an election dispute brought by a complaining party. Second, the Board cannot file a complaint with itself alleging a violation of the Election Code. See 11 N.T.C. § 321B.1 (1990). Third, for purposes of section 321B.4, the Board cannot be "a party" who can file an appeal of its own decision. Only parties have the ability, under section 321B, to bring an appeal. Finally, the general rule is that boards exercising quasi-judicial functions are not parties to their own proceedings; thus, they cannot appeal from their own decisions. 4 Am. Jur. 2d *Appeal and Error* § 234 (1962). By the terms of the statute, the Board cannot be "a party" who can appeal its own decision. This Court therefore has no jurisdiction over the appeal.

Seven, N.T.C. § 303 (1985) gives this Court power to issue writs or orders "necessary and proper to the complete exercise of its jurisdiction." We have previously held that this provision does not grant to this Court original jurisdiction to hear an election dispute by way of injunction. *Bennett v. Navajo Board of Election Supervisors*, 6 Nav. R. 201 (1990). We have also previously held that jurisdiction under this section is limited to writs or orders to protect this Court's jurisdiction or to exercise supervisory power over a lower court. *Chuska Energy Co. v. Navajo Tax Comm'n*, 5 Nav. R. 98, 100-103 (1986). This is not a situation where a district court has wrongly exercised or failed to exercise its jurisdiction, or where we need to act to preserve this Court's jurisdiction. Thus, section 303 does not give this Court jurisdiction over this appeal or the petition.

## III. Certified Questions

The Board seeks to certify questions of law invoking the authority previously exercised by this Court. We have received certified questions of law for determination in the past. *Navajo Housing Authority v. Betsoi*, 5 Nav. R. 5 (1984); *In re Certified Questions I*, 6 Nav. R. 97 (1989); *In re Certified Questions II*, 6 Nav. R. 105 (1989); and *Navajo Nation v. MacDonald Sr.*, 6 Nav. R. 204 (1990). The Board misconstrues the procedure. The trial courts can certify questions to this

Court under limited circumstances. *See Betsoi*, 5 Nav. R. at 6-7. An administrative agency cannot certify a question to this Court because that would violate separation of powers principles as well as their own powers.

Eleven, N.T.C. § 321B gives the Board, and not the courts, the power of "resolving disputes pertaining to elections." Issues concerning elections are within the authority of the Board to decide because it has developed the expertise necessary to make those decisions. Thus, this Court will refrain from deciding issues that are properly within the authority of the Board to decide. This Court can only review the Board's decision on a properly filed appeal.

## IV. Advisory Opinion

By virtue of Navajo law, this Court is within a separate branch of the Government of the Navajo Nation. The Navajo Nation has a three-branch government, and each branch has a duty to abstain from, and to oppose, encroachment on any other. *Muskrat v. United States*, 219 U.S. 346, 354 (1911). As early as 1793, the executive branch of the United States Government sought the advice of the United States Supreme Court on important questions regarding the construction of treaties, the laws of nations and laws of the land, and the answer was:

> [I]n consideration of the lines of separation drawn by the Constitution between the three departments of government, and being judges of a court of last resort, afforded strong arguments against the propriety of extrajudicially deciding the questions alluded to, and expressing the view that the power given by the Constitution to the President, of calling on heads of departments for opinions, 'seems to have been purposely as well as expressly, united to the executive departments.'

*Id.* at 353 (quoting John Jay).

We do not, and we cannot, give advisory opinions.

## V. Amicus Curiae

Seven candidates for office in the upcoming general election have petitioned the Court to appear as friends of the court. They have an obvious interest in the outcome of these proceedings, and their input and participation is useful for a resolution of this matter. Their request to participate is granted.